## NICHOLAS BERCICH, Respondent, v. GEORGE T. MARYE, Appellant.

LIABILITY OF BROKER TO TRUE OWNER FOR STOLEN STOCK SOLD. Where a broker received in the course of trade a transfer in blank of stock in a mining company, organized under the laws of California, which had in fact been stolen, and sold it: *Held*, that he was liable to the true owner for its value and damages.

STOCK IN CALIFORNIA MINING COMPANY, NOT NEGOTIABLE. Under the laws of California the legal title to mining stock, except as between the parties, can be acquired only by transfer upon the books of the corporation.

AGENCY NO DEFENSE TO ACTION OF TROVER. A person is guilty of conversion who sells the property of another without authority from the owner, notwithstanding he acts under the authority of one claiming to be the owner and is ignorant of such person's want of title.

MEASURE OF DAMAGES IN STATUTORY ACTION FOR CLAIM AND DELIVERY OF PERSONAL PROPERTY. The market value of stock at the date of conversion is the measure of damages in the action of trover; but in the statutory action of claim and delivery of personal property, in case a return cannot be had, the value of the stock at the day of trial, with the dividends that have been paid upon it- as damages for detention, is the only complete indemnity.

APPEAL from the District Court of the First Judicial District, Storey County.

This was an action under the statute on claim and delivery of personal property, such as is usually known as an action of replevin. The plaintiff demanded the restitution of certain mining stock described in the opinion or its value and damages in the sum of seven hundred and seventy

dollars in case a return could not be had.    It appeared that
the stock had been taken to defendant, who was a stock-
broker in Virginia City, by a person giving his name as
Bernarge.   Defendant received and sold it, and, after deduct-
ing his commission and charges, paid over the balance of
the proceeds to Bernarge.    As a matter of fact the stock had
been stolen from plaintiff, who, as soon as he found out his
loss, published notice thereof.    On November 8, 1873, when
demand was made upon defendant by plaintiff for the stock,
Belcher was worth $77 50, and Caledonia $7, per share.    It
also appeared that $95 in dividends had been declared on the
Belcher stock before the trial, and that $70 of it had actually
been paid.    Plaintiff had judgment for the return of the
stock, or, in case a return could not be had for $724, as the
value thereof, and interest from November 8, 1873, and costs;
and for $95 damages for detention, which latter sum was
afterwards reduced by the court below to $70.    Defendant
appealed from the judgment.

*M. N. Stone*, for Appellant.

I.   The certificates of stock should be regarded as nego-
tiable instruments.   They were received in good faith from
the apparent owner, to whom defendant paid the proceeds
after he had sold the stock in the board of brokers.   The
*bona fide* holder of a lost or negotiable instrument acquires
the title as against the true owner.   2 Parsons on Bills and
Notes, 264, *et seq*.

II.   Supposing that the stock was non-negotiable, yet the
defendant here in his capacity of broker acted merely as the
agent or bailee of the person who brought the stock to him
to sell.   There was no intention on his part to convert the
stock to his own use, or to apply the proceeds to his own
use.   He cannot therefore be regarded as a purchaser con-
verting the property.   He had no notice of the claim made

by plaintiff to the ownership until after he had sold the
stock and paid over the proceeds. *Rogers* v. *Hine*, 2 Cal.
571; *Grumerey* v. *Fisher*, 1 Car. & Payne, 190; 44 Mo. 544;
41 Ala. 539.

III.   There was error in assessing as damages the amount
of dividends paid on the Belcher stock after plaintiff lost it.
Defendant never at any time received any part of such divi-
dend; and if he was liable in any event to plaintiff for the
value of the stock, such liability could not embrace some-
thing he had never received. If defendant converted the
stock, and we claim that he did not, the measure of damages
would be the value of the stock at the time of its conversion,
with legal interest as damages for the conversion.   The con-
version, if any, occurred when defendant received and sold
the stock.   The dividends were declared after the sale, and
of course were received by whoever held the certificate at
the time such dividends were paid by the company.   *Boylan*
v. *Huguet*, 8 Nev. 358.

*Lewis & Deal* and *J. A. Stephens*, for Respondent.

I.   The statute fixes the rule for the measure of damages
in cases of this character, and this Court has never sought
to establish any other.   *Blackie* v. *Cooney*, 8 Nev. 46.   The
case of *Boylan* v. *Huguet*, 8 Nev. 345, was an action in trover,
and has no bearing upon this case.   The damages allowed
were the dividends which were actually paid on the Belcher
stock between the time the stock was stolen and the time of
the trial.   It is true defendant did not receive the dividends;
but that has nothing to do with the rights of plaintiff.   He
should not be placed in any worse position by the failure of
defendant to deliver the stock than he would have been had
the stock been delivered.

II.   Defendant was not the innocent agent of Bernarge in
receiving and selling the stock, but must be held to have

received it with notice that it was the property of some one other than Bernarge. Although he did not intend to do wrong in receiving and selling it, his ignorance of the law will not free him from his legal liability. The corporations mentioned in the complaint were organized under the statute of California, and their stocks were not negotiable except in the manner pointed out in the law. See Hittell's Gen. Laws, 932. Defendant acted at his peril when he received them, and legally was as much liable for the stocks as Bernarge. If, for the convenience of his business, he took the chances, he cannot escape liability on account of his lack of prudence. Edwards on Bailments, 93; *Hoffman* v. *Carow*, 20 Wend. 22; *Weston* v. *Bear River and Auburn M. and M. Co.*, 5 Cal. 186; *Nayler* v. *Pacific Wharf Co.*, 20 Cal. 529. Plaintiff had the right to follow his property and take it wherever found, or in case it was sold, to hold any one responsible who sold it.

III. Defendant claims that he should be exempt from liability, because he was innocent of any intended wrong and because he had the right to suppose from the nature of the certificates that they were the property of Bernarge. But courts have not placed stocks on the footing of negotiable paper, even when no statutes are in force providing the mode of transfer; and it would certainly be an unheard-of thing to hold that certificates may be transferred like bills of exchange, when the statutes of California provide a mode of transfer which destroys all similarity between them and bills of exchange.

By the Court, BELKNAP, J.:

Judgment in the alternative was rendered against the defendant for the restitution of five shares of the capital stock of the Belcher Silver Mining Company and twenty shares of the capital stock of the Caledonia Silver Mining Company,

Bercich *v.* Marye.

or the value thereof, and damages, under section 202 of the
Practice Act. The shares were transferred in blank and
were stolen from the plaintiff. The defendant is a broker,
engaged in buying and selling mining stocks. He received
the certificates stated in the usual course of his business
from a stranger, sold them upon commission and paid him
the proceeds. The first objection made by the appellant is
that certificates of stock should be treated as negotiable in-
struments, and the defendant being a *bona fide* holder for a
valuable consideration no recovery can be had against him.

By the statutes of California under which the Belcher and
Caledonia Silver Mining Companies were incorporated, it is
enacted: "The stock of the company shall be deemed per-
sonal estate, and shall be transferable in such manner as
may be prescribed by the by-laws of the company; but no
transfer shall be valid, except between the parties thereto,
until the same shall have been so entered on the books of
the company as to show the names of the parties, by and to
whom transferred, the number and designation of the shares,
and the date of the transfer. 1 Hittell's Gen. Laws, p.
148, Sec. 9. This restriction upon the transfer of stock de-
termines the question of negotiability adversely to appellant.
The legal title to the shares, except as between the parties,
can be acquired only by transfer upon the books of the cor-
poration. Any other form of assignment is merely equita-
ble as against the corporation and is subject to its liens or
claims. *Union Bank* v. *Laird,* 2 W. 390; *Shaw* v. *Spencer,*
100 Mass. 382; *Mechanics' Bank* v. *N. Y. & N. H. R. R. Co.,*
13 N. Y. 599.

It is next objected that as the defendant was the innocent
agent of the person from whom he received the shares of
stock, without knowledge of the felony, no judgment should
have been rendered against him. It is well settled that
agency is no defense to an action of trover, to which the
present action is analogous. In applying this doctrine the

supreme judicial court of Maine said: "If the principal is a wrong-doer, the agent is a wrong-doer also. A person is guilty of a conversion who sells the property of another, without authority from the owner, notwithstanding he acts under the authority of one claiming to be the owner, and is ignorant of such person's want of title. *Kimball* v. *Billings*, 55 M. 147; *Koch* v. *Branch*, 44 Mo. 543; *Hoffman* v. *Carow*, 22 Wend. 285.

In ascertaining the measure of damages the court allowed the market value of the stock at the date of conversion. Such is the rule in trover; but this is a statutory action for the return of the property or its value in case a delivery cannot be had, and damages for the detention. Upon failure to return the property in specie the statute provides for the indemnification of the owner. The value of the stock at the day of trial, together with the dividends that have been paid upon it, as damages for the detention, is the only complete indemnity in such case. *O'Meara* v. *North American M. Co.*, 2 Nev. 112; *Boylan* v. *Huguet*, 8 Nev. 355, and cases there cited. For this the judgment must be reversed and a new trial granted.

It is so ordered.