Beatty, J.,
concurring:
I concur in the conclusion of the court that this judgment must be reversed; but, as I entertain a view of the case to some extent different from that of the court, I wish to indi *445 cate as briefly as possible what that view is without any attempt to elaborate the argument which I think sustains it.
I think it is a correct doctrine that he whose breeding ewes have been wrongfully taken may recover in specie not only the original flock but also their natural increase in an action brought before the birth of the young; and whether or not it is necessary in such case for the owner to file a supplemental complaint or answer setting up the fact of such natural increase, it is at least certain that, if he is permitted to do so, that fact furnishes no ground of complaint to the opposite party.
The principle from which this conclusion follows is, that the identity of the flock remains notwithstanding its natural increase and decrease; lambs may be born and old sheep may die, but the flock remains the identical thing it was in the beginning. If this is the principle, and I can conceive of no other, upon which a recovery of the flock in specie can be allowed, there are other consequences which also necessarily flow from its adoption. One is, that when proof of the value of the flock is made at the time of the trial, account must be taken, not only of the natural increase of the flock, but also of its natural decrease. If the value of the lambs is taken into account the value of the old sheep that have died from natural causes must be deducted. Up to this point I understand there is no difference between myself and the court. But I go further. The verdict of the jury in cases of this character, when it is in favor of the party out of possession of the property, must include a finding as to the value of the property and as to the damages of the owner on account of the taking and detention. This is what the jury has to decide, and it is all it has to decide. It is not called upon to determine, and it cannot determine whether a return of the property can be had or not, and it cannot, therefore, assess damages in one amount to fit the case of a return, and in another amount to fit the case where a return of the property cannot be had. The value of the property must be fixed in one sum without any alternative, and the amount of the damages must be fixed in one sum without any alternative. This I understand to bo the *446 law, and this, so far as I know, is the universal practice. I have seen no precedent for a judgment awarding damages in one amount to be recovered with the property and damages in a different amount to be recovered with its assessed value in case a return of the property cannot be had.
If this is so, it follows that the jury must take into consideration the condition and value of the property at some particular point of time, assess its value at that time, and then fix the damages in a sum which will compensate the owner, whether he gets them along with the property or its value.
At what time then is the condition and value of the property to be estimated ? It has been twice decided in this court, and, as I think, correctly decided, that the condition of the property at the time of the trial can alone be considered in assessing its value — its value at the date of the trial is the value which the jury must fix by its verdict. (Bercich v. Marye, 9 Nev. 312; O'Meara v. North American Mining Company, 2 Nev. 112.) Applying the rule of those decisions to this case, it appears clear to my mind that the jury should have assessed the value of this flock of sheep in its condition at the time of the trial. In doing so, they were bound to make allowance not only for the natural losses by the death of the old sheep, but for the actual decrease of the flock from whatever cause — accident, sales or willful destruction by the wrong-doer. The only flock of sheep that could be returned was the actual flock in existence and capable of identification; and the only value that could be assessed to be recovered as an alternative, in case a return could not be had, was the value of that actual flock. To hold otherwise would lead to this consequence: Either that the damages would have to be assessed in two different sums — one to be recovered in case the property was returned, and the other in case it was not returned — or else the amount actually received by the defendant would vary' according to her ability or inability to find and identify her sheep, or according to the choice of the plaintiff to return the property or pay its assessed value. To my mind, it seems to be an absurd conclusion that the amount of com *447 pensation to be recovered by the injured party in cases of this kind is to be left to depend on his good or bad luck after judgment; and, as for a judgment for damages in alternative amounts, there is, as I have said, no precedent for such a judgment, to my knowledge, and there is no provision for such a judgment in the statute.
Assuming, then, that the duty of the jury was to find the value of the flock, as it existed, capable of identification, at the time of the trial, the other special finding which they were required to make was the damage which the defendant had suffered by reason of the taking and detention of the property.
Her damages consisted, in case the value of the flock at the time of the trial was less than that of the original flock at the time of the taking, of the amount of such depreciation, plus the interest on the original value, or of the amount of the depreciation plus the value of the use of the flock, if that was proved to be greater than the amount of the interest. In case the value of the flock at the time of the trial was greater than that of the original flock at the time of the taking, then her damages would have been the amount of legal interest, or the value of the use of the flocks, if that was greater than interest, less the amount of appreciation in the value of the property. If the value of the flock at the time of the trial was greater than its orignal value, together with interest or the value of its use, then she was entitled to no damages.
It is at this point that the widest divergence of opinion occurs between myself and the court. We are entirely agreed that the rule of the statute is plain; that aside from such special damages as may be recovered for depreciation in the value of the property between the time of taking and the trial, the owner is not entitled to recover both interest on its value and the value of its use. We agree that he may have interest at least, and, if he proves that the value of the use is greater than interest, that he may recover that in the place of, but not in addition to, interest. What we differ about is the practical operation of the rule announced in the majority opinion, that the defendant, if she *448 was the owner of the sheep, was entitled to recover at least the value of the original flock and of the increase, together with interest on such values. In my opinion this is.allowing double damages — interest and value of use. The increase of a flock by breeding is a part of the use of tbe flock, just as much as tbe shearing of tbe wool is a part of the use. He who gets the increase gets the value of the use as much as he who gets the wool that is shorn. Interest is allowed as damages on the theory that the owner might have sold his property and invested the value at interest; the value of the use is allowed upon the theory that he would have kept his property and got the advantage of its use. He is allowed in claiming damages to take either position, but be cannot take both. No man can sell bis flock and invest tbe proceeds at interest and at tbe same time keep his flock and get the increase. I say, therefore, that it in an action of this kind the owner bases any claim for damages on tbe value of tbe increase lie must abandon any claim of interest. Because tbe findings of tbe jury and the rulings of the district court were in several particulars at variance with these views, I concur in the judgment of reversal.