GEORGE W. COOMER v. GALE MANUFACTURING COMPANY.

*Replevin against assignee.*

Replevin will lie against the assignee of property, even though he allows it to remain in the assignor's hands, unless he clearly makes known that he does not claim it.

Error to Wayne. Submitted April 17. Decided April 24.

REPLEVIN. Defendant brings error.

*Henry M. Cheever* for plaintiff in error.

*D. B. Hibbard, Jr.*, and *J. Logan Chipman* for defendant in error.

MARSTON, J. The action in this case was replevin.

The evidence tended to show that the plaintiff had consigned a number of plows to Roberts & Son to be by them sold on commission; that Roberts & Son had made an assignment to defendant Coomer; that the property in question was described and included in the inventory of the property assigned, but was not removed nor any actual possession thereof taken by the assignee, he permitting the assignors to remain in possession of the property. There was also evidence tending to show that Roberts & Son received the plows by purchase and not to be sold on commission. The court charged the jury that if Roberts & Son purchased the property from the plaintiff the latter could not recover, while if the property was received by them on commission it would be otherwise, and with this part of the charge we do not understand counsel to complain. The material questions relate to the question whether a demand was made before action brought, and whether defendant was in possession of the property.

There certainly was some evidence given tending to show a demand, and the weight and effect thereof was properly submitted to the jury. As to the possession, there was a general assignment made to defendant by Roberts & Son. In the inventory of the property assigned was included the property in question. The assignee, although not in the actual possession of the property, yet had the control of the same, and in permitting the assignors to remain in possession he did not thereby, as to this plaintiff, so sever his right to and control over this property as to prevent them from maintaining this action against him. It may be that the possession of Roberts & Son was such that they could not have maintained replevin against defendant, but that is immaterial in this case. Where property has been included in an assignment the actual possession thereof cannot be so manipulated between the assignor and assignee as to deprive or to render uncertain the rights and remedies of third persons claiming title thereto. If the assignee

does not claim the property under the assignment, justice requires that he should clearly make known that fact, and not leave the matter in so ambiguous a light that he might afterwards claim that he did or did not have possession as interest might thereafter demand. This would be but to permit him to take advantage of his own wrong.

We discover no error and the judgment must be affirmed with costs.

The other Justices concurred.