## WILLIAM GILDAS v. ELLEN L. D. CROSBY.

*Replevin*—*Will not lie against pledgee of property*—*Who has made a bona fide sale and delivery to a third party*—*Who is in actual possession when writ is sued out*—*And so informs plaintiff*—*Only maintainable at common law when original taking was unlawful*—*How. Stat. sec. 8315, extends remedy to cases where the taking was lawful but the detention wrongful*—*But there must be an unlawful detention in both cases*—*Which is the gist of the action*—*And the delivery of the property its object*—*One not in possession of the property not subject to the writ, unless he has concealed, removed, or disposed of it with the intent of avoiding its operation*—*If property is destroyed before demand made or suit brought, replevin not the proper remedy.*

1. Defendant delivered to plaintiff, as *security* for rent, certain books, which he sold to a book-dealer. She afterwards offered to pay the rent and demanded the books of plaintiff, who informed her of their sale, which he claimed the right to make, but offered to pay her the excess realized thereon, which she refused to accept, insisting on the delivery to her of the specific property. She called upon the book-dealer, who corroborated plaintiff's statements as to the purchase of the books, which he informed her were then in his possession.

    *Held*, that replevin would not lie against the defendant for the books on this state of facts.

2. At common law replevin could only be maintained where the original *taking* was unlawful, but the object of *How. Stat.* § 8315, was to extend the remedy to cases where the *taking* was lawful but the property was *wrongfully detained*. In both cases there must be an *unlawful detention* at time suit is commenced, which is the gist of the action. *Hickey v. Hinsdale*, 12 Mich. 103.

3. The nature of the remedy, the detention being the gist of the action and the delivery of the goods its object, forbids its use against one not in possession, and who cannot make such delivery, unless he has

concealed, removed, or disposed of the property with the intent of avoiding the writ.

4. Where the property sought to be recovered has been destroyed before demand made or suit commenced therefor, replevin is not the proper remedy.

Error to Wayne. (Speed, J.)   Argued May 7, 1886. Decided May 12, 1886.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Charles B. Howell*, for appellant:

The taking and detention of property is treated substantially the same way in this State, the common-law distinctions no longer obtaining: *Trudo v. Anderson*, 10 Mich. 368.

The question as to *who detains* property at the time a replevin suit is commenced does not rest *solely* on the fact of who has the *actual manual possession* at the time: *Casper v. Kent Circuit Judge*, 45 Mich. 251 ; *Foster v. Gaffield*, 34 Id. 356 ; *Coomer v. Gale Manufacturing Co.*, 40 Id. 691.

All presumptions are in favor of the judgment of a justice, and there must be a total lack of evidence to defeat it: *Brown v. Blanchard*, 39 Mich. 790; *Marquette & Pac. Rolling Mill Co. v. Morgan*, 41 Id. 296.

*Stewart & Galloway*, for defendant in original suit :

Replevin is a possessory action, and only lies against a defendant who is in *possession* at the time the demand is made or the suit begun :   Wells on Replevin, § 134 ; *Moses v. Morris*, 20 Kansas, 208 ; *Brockway v. Burnap*, 8 Howard's Pr. 188 ; *Roberts v. Randel*, 3 Sanf. (N. Y.) 707 ; *Hall v. White*, 106 Mass. 600 ; *McCormick v. McCormick*, 40 Miss. 760 ; *Howe v. Shaw*, 56 Me. 291 ; *Grace v. Mitchell*, 31 Wis. 536; *Baer v. Martin*, 2 Carter (Ind.) 229 ; *Myers v. Credle*, 63 N. C. 505 ; *Hickey v. Hinsdale*, 12 Mich. 99 ; *Clark v. West*, 23 Id. 242 ; *Burt v. Burt*, 41 Id. 82 ; *Hinchman v. Doak*, 48 Id. 168.

Morse, J.   The defendant brought replevin in justice's court for one set of Appleton's American Cyclopedia, consisting of seventeen volumes.

She claimed that she gave the property to plaintiff as security for rent due from her to him; that he agreed to keep the books, subject to redemption by her, until the twenty-second day of March, 1885. She testified that she called upon him March 19, prepared to pay the rent, and demanded the books. He told her that he had sold the books to James A. Roys, and did not have them. He claimed that the time had expired in which she was to redeem them. He sold and delivered the books to said Roys on the thirteenth day of March for $55. The defendant then went to the book-store of said Roys, and learned from him personally that he had bought the books, and then had them in his store. On the twenty-third day of March she again went to the plaintiff, and demanded the books and offered to pay the rent, but did not produce any money in his presence.

The rent was $20, and he offered to pay her $35, but she refused it, and told him she would have the books at any cost. She testified that the books were worth $100, and admitted that when she went to the store of Roys she saw the books there in a case.

Upon the conclusion of her testimony the counsel for Gildas requested the court to enter judgment in his favor, as her own testimony was conclusive against her right to recover in replevin. This the justice refused to do. Thereupon Gildas gave evidence that she was to redeem the books by the first day of March; that he offered the property for sale to several persons, but could get for the books no more than Roys paid him; that when she came to see him on the nineteenth of March he told her he had sold the books to Roys, and that she did not then offer to pay the rent, and never had paid it; that the books were worth no more than the $55. Roys was also sworn, and corroborated Gildas as to the worth of the books, and the purchase and possession of them.

The justice gave judgment for the defendant here, who was plaintiff before him. Gildas removed the case to the cir-

cuit upon *certiorari*, where the judgment of the justice was reversed.

The defendant in *certiorari* brings the cause into this Court upon writ of error.

The counsel for Gildas claims that replevin, under the circumstances as shown by the plaintiff herself, would not lie, as when she sued out her writ the defendant was not in possession of the books, and was not detaining the property; that she should have brought replevin against Roys, or trover against Gildas.

It seems that the officer who served the writ took the property from the possession of Roys, and delivered it to plaintiff.

Our statute (How. Stat. § 8315) authorizing the action of replevin reads as follows:

" Whenever any goods or chattels shall have been unlawfully taken, or unlawfully detained, an action of replevin may be brought for the recovery of the damages sustained by such unlawful taking or detention, except in the cases hereinafter excepted."

At common law replevin could only be maintained where the original taking was unlawful. It was held in *Hickey v. Hinsdale*, 12 Mich. 103, that the object of this statute was to extend the remedy by replevin so as to include both the wrongful taking, and the unlawful detention when the taking was lawful; and it was there said: " But in both equally there must be an unlawful detention at the time of the institution of the suit. This detention is the gist of the action."

It has been generally held elsewhere that replevin will not lie for the detention of the property unless at the time of demand or bringing of suit the possession of the same is in the defendant. In order to comply with the mandate of the writ, he must have either the actual or constructive possession of the property, and he cannot deliver the goods on demand unless it is in his power to do so. If he has sold the property, or parted with its possession so he cannot reclaim it, the remedy against him must be in some other

form of action. If the plaintiff wishes a specific delivery of the property under the writ of replevin, he must bring his action against the one holding the possession of the goods : Wells, Repl. § 134; *Ames v. Mississippi Boom Co.*, 8 Minn. 470 (Gil. 417) ; *Hall v. White*, 106 Mass. 600 ; *Howe v. Shaw*, 56 Me. 291; *Grace v. Mitchell*, 31 Wis. 539 ; *Johnson's Adm'rs v. Garlick*, 25 Wis. 705 ; *Moses v. Morris*, 20 Kan. 208 ; *Coffin v. Gephart*, 18 Iowa, 257.

In *Foster v. Gaffield*, 34 Mich. 356, this Court refused to pass upon the question, as the facts in that case rendered it unnecessary ; but in *Hinchman v. Doak*, 48 Mich. 168, it is intimated that the action could not be maintained if the de-fendant was out of possession at the time the suit was instituted, and made no claim to the property. In *Coomer v. Gale Manuf'g Co.*, 40 Mich. 691, it was held that replevin would lie against the assignee of the property, even though he allowed it to remain in the assignor's hands, because he did not make it clearly known that he did not claim it. It was said that he " yet had the control of the same, and in permitting the assignors to remain in possession he did not thereby, as to the plaintiff, so sever his right to and control over this property as to prevent the maintaining of this action against him."

In the case at bar, when the demand was made Gildas denied the possession of the property, and stated that he had sold the books to Roys. The plaintiff in replevin went to the store of Roys, and found the statement to be true and the books then in the store. This is not a case where the property was secreted, or the possession parted with to avoid the writ.

If the books had been destroyed by fire, or any other cause, before demand was made or suit brought, replevin would not have been the proper remedy ; and it seems to me that when the defendant knew where the books were, and there was no obstacle in the way of issuing her writ against Roys, if she wanted the specific property, she could not maintain replevin against Gildas.

The nature of the remedy, the detention being the gist of

the action and the delivery of the goods its object, forbids this action against one not in possession, and who cannot deliver the property, unless he has concealed, removed, or disposed of the same with the intent of avoiding the writ.

There is no such case here. Under a claim of right he sold the property. When it was demanded, without any evasion or concealment, he stated the sale, and where the books could be found, asserting his right to sell them. She found his statement, upon investigation as to the sale and whereabouts of the property, to be true. She found the books in the hands of a responsible person. If Gildas sold them without right, she had her choice of actions,—to replevy the goods from Roys or to sue Gildas for their value ; but, in our opinion, she could not bring replevin against Gildas.[1]

The judgment of the circuit court must be affirmed, with costs.

The other Justices concurred.

---

[1] In *Hinchman v. Doak*, 48 Mich. 169, plaintiffs claimed as mortgagees of a *former* owner of the goods; defendant's contention was that a *prior* mortgagee was in possession of the same, and the issue was between these two mortgagees. The jury found that the defendant did *not* unlawfully *detain* the property, but under the instruction of the trial court assessed its value, and a judgment was entered in favor of the defendant for its return. In reversing *this judgment*, the Court say that when the defendant established the *fact* that he was not in possession (of the property) when the suit was instituted, he showed that he was entitled to have the case dismissed out of court, and to recover his costs, but that this was the extent of his right. (Page 171, at bottom.)

In *Barnes v. Gardner*, 60 Mich. 133, it is held that "a demand made by a claimant of personal property upon a person having no control over same, nor authority to deliver or refuse to deliver it, would seem to be useless."

In *Aber v. Bratton*, Id. 357, the Court say that "replevin will not lie against one not detaining the property when the writ is sued out."