CLARE M. BEACH ET AL. v. JASPER W. DAVIS.

*Assignment for benefit of creditors—Replevin from assignee.*

In this case an assignee under an assignment for the benefit of creditors, after having taken possession of the assigned stock of goods, and while engaged in inventorying and appraising the same, assumed to surrender the actual possession to the holder of a chattel mortgage on the goods made the day prior to the assignment, and by agreement between them the inventory was to be completed, and, after a portion of the goods had been replevied from him and the mortgagee by creditors, the assignee filed said inventory and appraisal, which included the goods so replevied, and gave the statutory bond for double the appraised value of the assigned property; and the assignee is held to have been properly made a party defendant in the replevin suit, which was discontinued as to the mortgagee, and prosecuted to judgment against the assignee as sole defendant. *Coomer v. Mfg. Co.*, 40 Mich. 692.

Error to Tuscola. (Beach, J.) Argued November 5, 1889. Decided December 28, 1889.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*T. W. Atwood* and *T. C. Quinn,* for appellant, contended:

1. It was undisputed that Mr. Bray was in possession of the stock under his chattel mortgage at the time the writ was issued and executed, and no evidence was introduced to impeach the validity of said mortgage, which was conceded to be valid, and the court should have directed a verdict for the defendant; citing How. Stat. §§ 8315, 8321; *Belden v. Laing*, 8 Mich. 503; *Clark v. West*, 23 Id. 247; *Hunt v. Strew*, 33 Id. 85; and in any event, to warrant a recovery as against defendant Davis, he must have been in possession of the property when the suit was commenced; citing *Gildas v. Crosby*, 61 Mich. 413, and cases cited.

*Charles S. Smith (Dickinson, Thurber & Stevenson*, of counsel), for plaintiffs, contended for the doctrine stated in the opinion, citing the authority therein referred to.

SHERWOOD, C. J. This suit is replevin to recover a quantity of goods sold by the plaintiffs to one Benjamin Netzorg. The plaintiffs claim the right to rescind the sale and recover the goods in this action on the ground that Netzorg fraudulently made the purchase, which was upon credit.

In the fall of 1888, Netzorg was doing a mercantile business at Vassar, in Tuscola county. The plaintiffs, some time during the fall, sold Netzorg a bill of rubber goods, amounting to about $500. Afterwards, on December 3, 1888, Netzorg gave Robert V. Bray a chattel mortgage for $3,000 upon the entire stock of goods in his store, which included the goods bought of plaintiffs. This mortgage he claimed to have given to secure an indorser of his note to that amount; the indorser being said Bray. In the afternoon of the same day, Frank L. Fales, who prepared the said chattel mortgage, went to Caro, where defendant Davis resided, and made an arrangement with him to act as assignee in an assignment which Netzorg proposed to make for the benefit of his creditors; Netzorg having purchased upon credit from other parties besides plaintiffs goods to the amount of about $25,000, and

which indebtedness was then all unpaid. It was also further arranged beween Mr. Netzorg's attorney and Mr. Davis, on this occasion, that the attorney should prepare the assignment with Davis as assignee, and should take it to Vassar the next morning for execution. Before Fales went to Caro, Netzorg told him he would have to make the assignment. Fales, on his return to Vassar at about 6 o'clock in the evening, prepared the other chattel mortgages,—one to A. Krolick & Co., for $202.15; one to Samuel Swartz, a clerk of Netzorg, for $333; and one to Henry Jacobson, who was another clerk, and brother-in-law of Netzorg, for $650. These mortgages were all made payable in 30 days. The mortgage to Bray was filed December 3, at 7 P. M.; the one to Krolick, December 8, at 8 P. M.; that to Swartz, December 3, at 9 P. M.; and that to Jacobson, at 9 P. M., of the same day.

Davis came to Vassar the next morning, December 4, and, under the arrangement made, the assignment was executed to him; and, accepting the trust immediately, he went into possession of the goods thereunder. On December 5, after Davis had retained possession of, and asserted his title to and possession of, the goods for two days, during which time he had procured appraisers to appraise the stock under the assignment proceedings, and the appraisers had partly completed their labors, Bray demanded possession under his chattel mortgage, which Davis surrendered to him. At the time that Davis so surrendered possession to Bray, it was agreed between them that the appraisers who had been selected to make the inventory and appraisal under the assignment proceedings should continue their work and complete their inventory and appraisal, to ascertain whether there was anything in the property above the chattel mortgages referred to; and, after part of the goods had been replevied by creditors, he (Davis) filed the inventory and appraisal,

and executed a bond to cover double the appraised value of the entire stock of goods, including those involved in this suit and the others replevied, a detailed inventory of which he was unable to procure; and in the certificates attached to the inventory and other papers he filed in the clerk's office was contained this statement:

"The amount of goods, rights, and chattels referred to in the annexed assignment, which were turned over to Jasper W. Davis, as assignee, by virtue of said assignment, and with the goods, rights, and chattels heretofore appraised, which were replevied from the assignee before an inventory could be procured on said assignment, and which said assignee claims by virtue of said assignment, subject to any mortgages on the same, is of the sum of $3,883.00, as per appraisement of the same by the sheriff and his deputy, made and attached to the several writs upon which the same were taken, an itemized statement of which could not be procured in time to file herewith. * * * The actual value of the merchandise, goods, furniture, and fixtures, as per the foregoing appraisement, is $3,746.02, and the actual value of the goods replevied, as near as may be, is $3,883.00."

At the commencement of the trial, Bray, who held his chattel mortgage upon the property, was impleaded as defendant with defendant Davis. Upon the trial the case was discontinued as to him, and allowed to proceed against Davis alone. The suit was commenced on December 7, 1888. On the trial, defendant's counsel conceded—

"1. That the goods described in the writ of replevin in this cause were sold by the plaintiffs to Benjamin Netzorg, and that the goods taken under the writ were a part of the same goods.

"2. That such goods were purchased under such circumstances as to render the purchase fraudulent."

The sole contention of counsel for defendant Davis was that he (Davis) had no such connection with or control over the property as warranted the plaintiffs in making him a party defendant in the writ sued out, and

the testimony introduced was directed mainly to that question.

On the foregoing facts the counsel for plaintiffs insisted upon their right to recover; and the court, agreeing with counsel, so held, and directed the verdict for the plaintiffs.

We think this direction was right. Davis did not lose his right to possess and control the property. Neither had the mortgagee any right to such possession, and never had it; and, as has been well said by Judge MARSTON in *Coomer v. Manufacturing Co.*, 40 Mich. 692,—

"Where property has been included in an assignment, the actual possession thereof cannot be so manipulated between the assignor and assignee as to deprive, or to render uncertain, the rights and remedies of third persons claiming title thereto."

The judgment should be affirmed.

CHAMPLIN, MORSE, and CAMPBELL, JJ., concurred LONG, J., did not sit.