# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| RUDOLPH FALCIANI, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. N18C-03-199 CLS |
| ELIZABETH V. ZINSZER, SHERREE J. BEDELL, and STEPHEN ZINSZER, | ) ) ) ) ) | |
| Defendants. | ) | |

Date Argued: June 19, 2018

Date Decided:  July 31, 2018

On Plaintiff Rudolph Falciani's Action for Replevin.

**DENIED**

## <u>OPINION</u>

Douglas A. Shachtman, Esquire, The Shachtman Law Firm, 1200 Pennsylvania Avenue, Suite 302, Wilmington, Delaware, 19806.  Attorney for Plaintiff.

Elizabeth V. Zinszer, Sherree J. Bedell, Stephen Zinszer, pro se Defendants.

**Scott, J.**

1

This case presents the question of whether a replevin action may be maintained when the personal property is destroyed prior to the commencement of the replevin action and hearing.

**Findings of Fact**

The facts before the Court were established in a Hearing held June 19, 2018. An oral contract for the sale of real estate was entered between Plaintiff and Defendant Elizabeth Zinszer. The contract was for the sale of property located in Sussex County at 34282 Central Avenue, Frankford, Delaware. The complaint and other documents filed with this action incorrectly state the address as 35282 Central Avenue. Evidence proffered by Defendants and accepted by Plaintiff is that the correct address is 34282 Central Avenue. Plaintiff made an initial down payment of $120,000 on June 14, 2016. Plaintiff and Defendant Elizabeth signed a receipt for this payment. The receipt included a description of the property the incorrect address for the property, "As Is house on 5 + or − acres," and total price for the sale as $375,000. This receipt reflected an outstanding balance of $255,000. A second payment drawn from Plaintiff's then girlfriend, Nancy Hendrix, in the amount of $68,000 was made on July 26, 2016. A second receipt signed by both parties was created for this payment as well. The signed second receipt is identical to the first with the exception of the indicated total price for the home as $275,000 and an

2

outstanding balance of $187,000. A corrected receipt for this transaction is unsigned and reflects an update to correct the address of the property. No closing date was initially set for the completion of the sale.

At some time after the initial deposit, Plaintiff was granted permission by Defendant Stephen Zinszer to store a lawn mower in one half of the garage of the home. Plaintiff proceeded to move several items from his home in Pennsylvania to the Sussex County property. Several trips with a pickup truck and utility trailer and a container style moving "pod" were employed to move items from Pennsylvania to the Central Avenue home. Plaintiff also made changes to the home including new flooring in several of the rooms of the home. Plaintiff's personal property was placed in the home as well as in the entire garage.

When the relationship between the parties soured in May 2017 Defendants wrote two letters to Plaintiff. The first letter dated May 15, 2017, demanded Plaintiff contact with Defendants within 7 days, and gave 30 days to complete the sale. The letter further stated if no contact was made Defendants would take steps to resell the home, and asked Plaintiff not to access the home until the issues could be resolved. The Certified Mail receipt shows Nancy Hendrix signed for this letter on May 17, 2017. A telephone conversation took place between Nancy Hendrix and Defendants on May 20, 2017. In response to this conversation, the May 25th letter also states Defendants considered the sale of the property to have failed and demanded Plaintiff

3

remove his personal property from the home on or before June 12, 2017. The letter claimed any personal property still on the premises as of June 13 would be considered personal property of Defendant Elizabeth Zinszer. The Certified Mail receipt shows this letter was signed for by Nancy Hendrix on June 12. Sometime after June 13 Defendants disposed of all of Plaintiff's personal property located throughout the Sussex County home.

## Discussion

Actions for replevin trace their roots to the English common law foundation of our judicial system.[1] Wooley's provides historical context;

> "The action [of replevin] originally lay for the recovery of chattels taken as a distress, but by reason of its convenience as a remedy for the prompt return of chattels unlawfully taken or detained and its usefulness as a remedy by which to try the tittle to goods and chattels so unlawfully taken or detained, it has acquired a much more extended use."[2]

Replevin actions are *In Rem* actions used "for the purpose of obtaining possession of the specific property, rather than compensation in damages for its loss."[3] The action of replevin is available to anyone who claims ownership, or the

---

[1] *See generally; Clark v. Adair,* 1840 WL 371, at *3 (Del. 1840).
[2] 2 Woolley on Delaware Practice, § 1524.
[3] *Clark v. Adair*, 1840 WL 371, at *3 (Del. 1840).

right to immediate possession of a chattel.[4] The statutory procedure for the issuance of a writ of replevin instructs that summons served in an action for replevin "shall both contain a provision instructing the defendant not to intentionally destroy, damage, sell or secrete the item in question[.]"[5] The statute, however, does not speak to the procedure to be followed when the property to be replevied no longer exists. The Court has looked outside this jurisdiction for applicable precedent. In *Gildas v. Crosby* the Michigan Supreme Court reasoned "If the [property] had been destroyed by fire, or any other cause, before demand was made or suit brought, replevin would not have been the proper remedy[.]"[6] Furthermore the Court reasoned "[t]he nature of the remedy, the detention [of personal property] being the gist of the action, and the delivery of the goods its object, forbids [replevin] against one not in possession, and who cannot deliver the property[.]"[7]

This Court agrees. An action for replevin is proper only if Defendant continues to possess it, or is otherwise able to deliver it to the Plaintiff. Replevin is correct when there are specifically identifiable items to be replevied. The form of a Writ of Replevin orders any constable of the county to seize and deliver "described

---

[4] *In re Markel*, 254 A.2d 236, 239 (Del. 1969) (citing 2 Woolley on Delaware Practice, s 1525).

[5] 10 *Del. C.* § 9633(b).

[6] *Gildas v. Crosby*, 28 N.W. 153, 154 (Mich. 1886).

[7] *Id.*

goods and chattels" to a plaintiff.[8] When it became clear that the sale of the home would not close as intended Defendants demanded Plaintiff remove his property from the home. When Plaintiff failed to remove his items Defendants disposed of the property. As there is no property to return, Plaintiff may not maintain an action for replevin. The replevin count is dismissed.

For the foregoing reasons, Plaintiff's action for replevin is **DENIED**.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

**Judge Calvin L. Scott, Jr.**

---

[8] 10 *Del. C.* § 9634.