THIRZA A. HALL *vs.* GEORGE W. WHITE, JR., & others.

A petition in insolvency was filed against a mortgagee of personal property, and an officer took possession of the property as messenger under a warrant which was void. Afterwards, the condition of the mortgage having in the mean time been broken, a valid warrant was issued and placed in the hands of the officer, and he delivered the property to the assignees of the mortgagee. *Held*, that replevin of it could not be subsequently maintained by the mortgagor against the officer, for he was no longer in possession of it; nor against the assignees, for they held, not under the officer, but under the assignment of the mortgagee's estate.

REPLEVIN of clothing and furniture against George W. White, Jr., Gerard C. Tobey, John W. Beals and Thomas Hussey. Writ dated May 11, 1868. The case was submitted to the judgment of the superior court, and, on appeal, of this court, upon facts agreed substantially as follows:

The plaintiff on December 11, 1866, mortgaged the replevied property to Joseph H. Beals and Richard M. Ricker, doing busi-

ness under the style of Beals & Ricker, to secure a promissory note payable in sixty days. The mortgage deed provided that on breach of condition the mortgagees might take immediate possession of the mortgaged property, and sell at public auction the whole or so much thereof as was necessary to pay the debt, paying and restoring to the mortgagor the balance of the proceeds and any unsold residue. On January 12, 1867, a petition by a creditor of Beals & Ricker to put them into insolvency was filed in the court of insolvency for Norfolk county; on January 28 a warrant to take possession of their property was issued, and the defendant White, who was a deputy of the sheriff of Norfolk, took possession of the replevied property, as messenger under the warrant. This warrant was void for being issued on insufficient notice. On February 19, notice in the insolvency proceedings was duly served, and on February 25 a warrant was duly issued and placed in White's hands for service. On March 7, 1867, the defendants Tobey and Beals were chosen assignees of the estate of Beals & Ricker, and an assignment thereof was made to them by the judge of probate, and afterwards, as such assignees, they received the property from White, stored it in the warehouse of the defendant Hussey, and took no other action in respect to it up to the time it was replevied. The note secured by the mortgage was never paid.

*J. B. Goodrich & H. J. Edwards*, for the plaintiff.

*B. F. Brooks & J. D. Ball*, for the defendants.

AMES, J. "Replevin cannot be maintained, in this Commonwealth, against a person who has no possession or control of the goods to be replevied; replevied goods cannot be restored and returned to a person from whom they were never taken, and such person cannot rightfully be made a defendant, sole or joint, in an action of replevin." *Richardson* v. *Reed*, 4 Gray, 441. The plaintiff therefore clearly cannot maintain her suit against the defendant White. He had ceased to have any possession or control of the property for more than two months before the date of the plaintiff's writ. If there has been anything irregular or tortious in his proceedings as messenger, the plaintiff must seek her remedy in some other form of action.

With regard to the other defendants, her claim seems to be also without any legal foundation. The assignees of the insolvent mortgagees do not derive their title to the property from the messenger in insolvency. They hold entirely by virtue of the assignment, the effect of which was to vest in them, not only the debt due from the plaintiff to the insolvents, but also all the rights and remedies of the insolvents as mortgagees of the property in dispute. At the date of that assignment, the mortgage debt had matured and was unpaid; and the original mortgagees had an incontrovertible right to take immediate possession for breach of condition. This right passed by the assignment in insolvency to the defendants Beals and Tobey. The case discloses nothing whatever like a waiver or loss of this right, and it seems to follow that the property was rightfully in their possession, subject to redemption by the plaintiff by payment of the mortgage debt at any time before actual foreclosure in due form of law. *Judgment for the defendants.*