GEORGE N. MOSES v. ISAAC N. MORRIS.

PARTY; REPLEVIN; *When Sheriff Not a Proper Party.*  Where a sheriff seizes the personal property of A. on an attachment against the property of B. and thereafter sells the same at a public sale upon a valid order of sale issued after judgment rendered, and at such sale delivers the actual possession of the property to the purchaser, and thereafter has no actual nor constructive possession of the property, nor any interest therein, contingent or conjoint, and no part or connection with the detention of the property from A., such sheriff is not a proper party defendant in an action of replevin brought after such sheriff's sale to recover the property and damages for its detention.

### *Error from Barton District Court.*

REPLEVIN, to recover possession of a frame building, brought by *Morris,* against *Moses* and one Diffenbacker. One Thos. L. Morris erected the building on leased land situated in the city of Great Bend.  Plaintiff claimed title to the building as purchaser from said Thos. L. Morris.  The date of such purchase was 14th August 1874.  Subsequently to such purchase, creditors of said Thos. L. Morris caused said building to be attached, and sold at judicial sale.  *Moses,* as sheriff, made such sale, and Diffenbacker was the purchaser thereat.  This action was commenced in February 1875.  Trial at September Term 1876.  Judgment against both defendants.  *Moses* moved for a new trial, which was refused, and he now brings the case here.

*G. W. Nimocks,* and *Johnson & Davis,* for plaintiff in error:

1. It is the settled law of this state, that the action of replevin can be maintained only against a person in actual possession of the disputed property at the time the same is instituted. 8 Kas. 273; 9 Kas. 176; 13 Kas. 344, 482; 17 Kas. 204; 4 Gray, 441; 106 Mass. 599; 63 N. C. 504; 69 N. C. 436.  The testimony showed beyond any doubt, that Moses had nothing to do with the possession of the property at the time the suit was brought.  The general verdict, which assumed to find facts, ignored the question, while the special

finding was that he was not in possession. This special find-
ing must control the general verdict. ( 8 Kas. 660.) This
special finding is equivalent to a finding that Moses was
neither solely in possession, nor in possession jointly with
Diffenbacker. If it is sought to sustain this judgment on
the ground that the jury must have found that Moses had
such joint possession, then we submit that this would not
only be inconsistent with their special findings, but wholly
unsupported by evidence. No theory of joint possession can
be sustained, unless such possession be conclusively assumed
from the fact that he was once in possession, and assumed
officially to sell the property. There is no such presumption,
much less a presumption that is conclusive, and if not con-
clusive, then the fact and presumption are both disproved,
for all the evidence shows that when he sold the property he
delivered possession, and no longer had any control over the
same.

2. It is suggested on behalf of defendant in error, that
this court may strike out of the prayer the clause asking
specific delivery, and modify the judgment so that it shall
be a judgment for the value of the property only. In other
words, it is claimed that the form of the action can be changed
in an appellate court from replevin to trespass, or trover.
This of course cannot be done; and the judgment against
plaintiff in error must be reversed.

*A. A. Hurd,* and *A. L. Williams,* for defendant in error:

The action of replevin, under our statute, is in every par-
ticular equivalent to the common-law action of detinue. The
decisions cited by plaintiff in error do not cover the point in
question, as it has never been raised before or passed upon
by this court — the decisions only going so far as to decide
that the action of replevin must be brought against the party
in possession; but, under the common law, detinue could be
maintained against a party formerly in possession, who had
wrongfully parted with that possession to another; and it
was always held that both such parties should be joined as

defendants. (9 M. & W. 19; 5 C. & P. 346.) In the last of these cases, the defendant Howard being in possession of property, lawfully pledged it to the other defendant, Fletcher, and the plaintiff demanded it of Fletcher, and then brought detinue against both. Tindal, C. J., says: "The verdict must pass against both defendants, as one could not stand in a better situation than the other." In the other case the court said: "Detinue does not lie against him who never had possession of the chattels, but it does against him who once had but has improperly parted with the possession of it." See 2 Nash's Pleading and Practice, 813, 814; 4 Miss. 394; 9 Texas, 336; 5 Yerg. (Tenn.) 301; 1 Brev. (S. C.) 301. Our action of replevin embraces the relief furnished at common law by *both* the actions of replevin and detinue.

The courts have almost universally laid down the same rule as adopted by the supreme court of Kansas upon the question decided in the cases referred to by plaintiff in error; but wherever the real question in this case has been brought before the court, where a person in wrongful possession, or even in rightful possession, transfers that possession wrongfully, he can be joined with the person in actual possession to whom he has transferred, in an action of this kind under exactly the same circumstances existing in this case; and we have been unable to find a single exception to the rule, except where the decision has been afterward overruled. See *Brockway v. Burnap*, 16 Barb. 309. And in the case of *Nichols v. Michael*, 23 N. Y. 264, the court says, on p. 272:

"The theory upon which these cases proceed is perfectly sound, and applies directly to the present case. It is, that where a person is in possession of goods belonging to another, which he is bound to deliver upon demand, if he, without authority from the owner, parts with that possession to one who refuses to deliver them, he is responsible in detinue equally with the party refusing. He contributes to the detention. It is the consequence of his own wrongful delivery. The action in such cases may properly be brought against both, because the acts of both unite in producing the detention."

That was a case in *replevin* in which both parties were joined as defendants, and the statute of New York under which the action was brought is like ours, without any material difference; and it is that case which Mr. Nash says expresses the true construction of the Ohio code, and is directly applicable to the question at bar. As in this case, the sheriff took wrongful possession, refused to deliver upon demand of the owner, and afterward transferred to the other defendant.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case were, that on 19th November 1874, an attachment was levied upon certain personal property belonging to I. N. Morris by the creditors of one Thos. L. Morris, as the property of said debtor. Geo. N. Moses, as sheriff, served the writ. Afterward judgment was obtained in the action; and on 13th January 1875 an order of sale was issued to said Moses as such sheriff, and on January 25th he sold at sheriff's sale the said personal property to one C. F. Diffenbacker, to whom the property was then delivered, and who then took actual possession and control of the same. Thereafter sheriff Moses had no interest in the property, nor care over it. On February 10th, the defendant in error, I. N. Morris, instituted in the district court of Barton county an action of replevin to obtain the possession of said property, and made said Moses and Diffenbacker the defendants. Prior to the sheriff's sale of the property, (January 25th,) a demand had been made by I. N. Morris of the sheriff for the property, and after the sale to Diffenbacker a like demand for its possession was made upon him. The defendants answered jointly, filing a general denial. On the trial, a judgment was rendered in favor of Morris, plaintiff, against both defendants, for a return of the property in controversy, and in case the property could not be delivered back, then for the sum of $75, the value of the property, and also for $85 for damages sustained by the wrongful detention of said property, together with all costs. The defendant

Moses filed his motion for a new trial, on the grounds, among others, that the verdict of the jury was not sustained by the evidence; that the special findings of the jury did not sustain the verdict, and for errors of law occurring on the trial and excepted to. The jury, at Moses' request, also made special findings, as follows:

*Ques.*–Did G. N. Moses, as sheriff of Barton county, have the property in controversy in his possession at the commencement of this action? *Ans.*–No.

*Ques.*–When did G. N. Moses sell said property? *Ans.*–On the 25th of January 1875.

*Ques.*–To whom did he sell? *Ans.*–To C. F. Diffenbacker.

*Ques.*–Who took possession of and moved said property? *Ans.*–C. F. Diffenbacker.

*Ques.*–Did the plaintiff demand said property of C. F. Diffenbacker before the commencement of this suit? *Ans.*–Yes.

The motion for a new trial was overruled, and the case is here for review.

The district court erred in not sustaining the motion for a new trial, as the evidence in the case and the special findings of fact were all against the verdict. On the 10th of February 1875, when the action of replevin was commenced by the defendant in error, the plaintiff in error was not wrongfully detaining the possession of the property sued for, as he then had neither the actual nor constructive possession of the same; neither did he have such possession conjointly with his co-defendant Diffenbacker; nor was there any joint detention by him with Diffenbacker. After the sale of January 25th, Moses had nothing whatever to do with the property, and was indifferent to it. All the evidence was one way. There was no conflict, and no variance.

The action of replevin under the code is purely a statutory one, and the writ cannot issue without the affidavit of the party, or his agent or attorney, showing the property *is wrongfully detained.* If a defendant, in good faith, and prior to the commencement of the action, has parted with all legal and actual possession of the property sought to be recovered, and the party suing out the writ has notice of such fact, (as

in this case,) certainly he would not be justified in swearing that such party, simply because he once had the possession, was still *wrongfully detaining* the same.   If so, the wrongful detention might ante-date the suit many months, even years. Without either actual or constructive possession, there is no power to deliver the property; and in the absence of such possession, it cannot be said that a defendant *wrongfully detains* the property. He may have committed acts which make him liable in damages; and he may be liable for the value or use of the property in an action of another form; but the action of replevin is not the proper remedy in such instances.   *Town of Leroy v. McConnell,* 8 Kas. 273; *Wilson v. Fuller,* 9 Kas. 176; *Yandle v. Crane,* 13 Kas. 344; *Brown v. Holmes,* 13 Kas. 482; *Ladd v. Brewer,* 17 Kas. 204; *Bogan v. Stantenburgh,* 7 Ohio, 474; *State of Ohio v. Jennings,* 14 Ohio, 73.   Upon the undisputed facts in the case, no judgment should have been rendered against the plaintiff in error.

The counsel for the defendant in error has referred to *Nichols v. Michael,* 23 N. Y. 264, as conclusive; but we find upon examination of the case that all the court really decided therein, upon this point, was, that the fraudulent vendee of goods, and his assignee thereof for the benefit of creditors, are liable in a joint action by the vendor to recover possession. "In this view of the case," say the court, "an action properly laid against the vendee, Primer, notwithstanding he had assigned and delivered the property to Michael.   Michael was not a *bonâ fide* purchaser; the property was in his custody as trustee for the benefit of Primer's creditors, Primer having an interest in the *residuum* after paying his debts." The case at bar is not a parallel one with *Nichols v. Michael,* supra, and this decision is not in conflict therewith.   Holding the general rule to be, that an action to recover the possession of personal property can be maintained only against him who has the actual or constructive possession of the same at the commencement of the suit, and there being no special circumstances taking this case out of this rule, the judgment

of the district court against the plaintiff in error must be reversed, and the case remanded.

All the Justices concurring.