## WILLIS v. DE WITT.

1. The distinction recognized at common law, between the action of replevin and detinue, does not exist in this state, as the Code, having abolished all forms of pleading existing prior to the Code, necessarily abolished the distinction between these actions; and the action to recover personal property takes the place of, and is a substitute for, both the former actions of replevin and detinue.

2. The primary object of the actions of replevin and detinue was to recover the possession of specific personal property, and the gist of the action, in either form, was the unlawful detention of the property at the commencement of the action. The action to recover personal property under our Code has the same object in view,—the recovery of the possession of the property,—and the unlawful detention is the gist of the action.

3. It is not material in the action to recover the possession of personal property how the defendants acquired the possession, so far as the action to recover the property is concerned. The principal issues in this action are the plaintiff's right to possession, the defendant's unlawful detention, the value of the property, and damages for its detention.

4. An amendment to the complaint, in an action to recover the possession of personal property, adding thereto an allegation that the defendants unlawfully and wrongfully took the property from the possession of the plaintiff, when it is alleged in the original complaint that the plaintiff is the owner and entitled to the possession of the property, and that the same is unlawfully detained by the plaintiff, is an immaterial amendment, and authorizes no judgment that could not have been rendered under the original complaint.

5. To enable a plaintiff to maintain his action for the recovery of the possession of personal property, the defendant must have either the actual or constructive possession of the property at the time the action is instituted.

(Syllabus by the Court. Opinion filed Sept. 7, 1892.)

Appeal from circuit court, Kingsbury county. Hon. J. O. ANDREWS, Judge.

Action to recover the possession of personal property. Judgment for plaintiff. The defendant De Witt appeals. Reversed as to appellant.

The facts are stated in the opinion.

*Melville & Langley,* for appellant.

A new cause of action cannot be set up as an amendment after trial. Railroad v. Fibbils, 11 How. Pr. 168; Saltus v. Gennin, 19 How. Pr. 390; Egbert v. Wicker, 10 How. Pr. 193; Ford v. Ford, 35 How. Pr. 321; Woodruff v. Drake, 31 How. Pr. 161; Cattin v. Hansen, 1 Duer, 309; 1 Van Santvoord, Pl. 792, 810, 814, 816, 825, 826; Whitcomb v. Hungerford, 42 Barb. 177. The power to amend after trial is an extraordinary one, and should be sparingly exercised. Field' v. Hawkhurst, 9 How. Pr. 75; Malcom v. Baker, 8 How. Pr. 301; Davis v. Gan, 7 How. Pr. 311; Egbert v Wicker,

10 How. Pr. 193. An amendment setting up a new cause of action is not allowed. Bank. v. Mott, 19 How. Pr. 272; Hallister v. Livingstone, 9 How. Pr. 140; Corning v. Id. 2 Selden 105, Durringer, v. Curine, 42 Barb. 528; Cornall v. Haight, 8 Id. 328; Catlin v. Harmon, 1 Duer, 309; Lane v. Barnes, 19 Barb. 51; Shelden v. Adams, 41 Id. 54; Cowenhaven v. Brooklyn, 38 Barb. 9; People v. Ingersoll, 67 Barb. 484; Ransom v. Wetmore, 39 Barb. 106; Sweetser v. Harwick, 25 N. W. 744; Hallihan v. Royhan, 22 N. W. 113; Brothers v. Williams, 27 N. W. 157; Barron v. Walker, S. E. 272; Brown v. Van Cleave, 6 S. W. 25; Baldwin v. Rood, 1 N. Y. 713; Spalding v. Spalding, 3 How. Pr. 297; Haughton v. Setson, 10 Leg. Obs. 32; Path v. Schlass, 6 Barb. 308. A referee has no right to order an amendment to change the issue which the court has sent to him to be tried. Holmes v. Slocum, 1 C. R. N. S. 380.

*A. P. Schenian* and *B. A. Dunlap,* for respondent.

A referee may allow amendments to any pleading. Section 3, c. 112, Laws 1889; Spencer v. Thistle, 13 N. W. 208. An amendment may introduce a new cause of action, if it corresponds with the original count. Tievnan v. Woodruff, 5 McLean, 135; The Canal v. Kidd, 28 Cal. 673; Bogle v. Gorden, 17 Pac. 857.

Where evidence has been received without objection the court may, after verdict, permit the petition to be amended to conform to the facts proved. Evarts v. Smucker, 26 N. W. 596; Cheney v. O'Brien, 10 Pac. 479. The plaintiff may, if he so elects, sue in detention when his goods have been wrested from him. Wells, Replevin, 348; Paul v. Luttrell, 1 Col. 320; Oleson v. Merrill, 20 Wis. 462. Objections made before the referee should be renewed before the court, on application for judgment on the report. Illstad v. Anderson, 49 N. W. 659.

CORSON, J. This was an action to recover specific personal property, originally commenced against All. H. De Witt and N. T. Davis. Judgment was rendered for plaintiff, and defendant De Witt appeals. The plaintiff alleged in his original complaint that he was the owner and entitled to the immediate possession of the personal property described in the complaint, and that the possession thereof was wrongfully and unlawfully detained from him by said defendants. A demand and refusal was also alleged, and

a prayer for judgment was added in the usual form in actions to recover personal property. No demurrer or answer having been served by either of the defendants, judgment was rendered against both, as provided in Comp. Laws, § 5099. Subsequently on motion, supported by affidavits on the part of the defendant All. H. De Witt, he was allowed to answer, and he thereafter served an answer, denying each and every allegation of the complaint. The action was referred to P. C. Truman, as referee, who found the facts and stated his conclusions of law thereon. The third finding of fact is as follows: "That on or about the 2d day of June, 1888, said (chattels) were unlawfully taken from the possession of the plaintiff by the defendants, All. H. De Witt and N. T. Davis." The fifth finding of fact is as follows: "That at the time of the commencement of this action the said (chattels) were not in the possession nor under the control of the defendant All. H. De Witt, nor have they been at any time since the commencement of this action." The second conclusion of law is as follows: "I further find that under the pleadings, (being in the form of detinue,) while the plaintiff can recover the property from the defendant N. T. Davis, he cannot from the defendant All. H. De Witt, as De Witt did not have possession nor control of the property at the time of the commencement of the action." The third conclusion of law is as follows: "I further find that the plaintiff was allowed without objection to prove the unlawful taking of the property in controversy." A motion was made to the referee, by the counsel for plaintiff, for leave to amend the complaint to conform to the facts proved and found by the referee, by alleging in the complaint the wrongful and unlawful taking of the property from the possession of the plaintiff by De Witt and his codefendant, Davis. This motion was denied by the referee, but was subsequently renewed to the court and granted.

It will be noticed that the action was originally commenced upon the theory that both of the defendants were in possession of the property, and wrongfully and unlawfully detained the same from the plaintiff. And it will be further noticed that by the fifth finding of fact the referee found that the defendant All. H. De Witt was neither in possession when the action was commenced, nor at

any time subsequently, though the referee in his third finding does find that defendant De Witt, with his codefendant, Davis, wrong-fully and unlawfully took said property from the possession of the plaintiff.

1. The learned counsel for the appellant contend: (1) That upon the facts found by the referee, in his fifth finding, the defend-ant De Witt was entitled to judgment in his favor, as the action to recover specific personal property cannot be maintained against one not in the actual or constructive possession of the property sought to be recovered at the time the action is commenced; and (2) that the amendment allowed by the court to be made to the complaint was not one that could properly be made under section 4938 of our Code, as the amendment, in effect, constituted a new cause of action.

The learned counsel for the respondent controvert both these propositions. As to the first, they insist that the plaintiff could have recovered the value of the property against the defendant All. H. De Witt, upon the original complaint, without any amend-ment, as De Witt, having taken the property, in connection with his codefendant, Davis, wrongfully and by force, from the posses-sion of the plaintiff, was liable for the value of it, the same as he would have been liable for the return of it, had it been in his possession at the time of the commencement of the action; and that, the property having been taken by force, the right of plaintiff to recover the value did not depend upon the retaining possession to the time of the commencement of the action.

As to the second proposition, they insist that no new cause of action was added to the complaint by the amendment, as the ac-tion after the amendment was for the possession of the property, or its value, if a return could not be had, and that the object both of the original and the amended complaints was the recovery of the property, or the value thereof. The counsel for the respondent seem to have proceeded, in taking judgment against De Witt, upon the theory that while they might be precluded, by the fifth finding of the referee, from taking judgment against him for the possession of the property, they might do so for the value, under the third finding; and the amendment to the complaint seems to have been

made for the purpose of adding an allegation of the facts found by the referee to the original complaint, that would authorize the entry of the judgment against De Witt for the value. At common law replevin was the form of action adopted when a party sought to recover the possession of specific personal property where the original taking was wrongful, as well as the subsequent detention. When, however, the defendant came rightfully into the possession of the property, but unlawfully detained it, subsequently, from the party entitled to the possession, it could only be recovered in an action of detinue. But in both actions the object was the same,—the recovery of the possession of the specific personal property, and the gist of the action in each case was the unlawful detention. Neither action could, therefore, be maintained unless the property sought to be recovered was in the actual or constructive possession of the defendant at the commencement of the action. Hickey v. Hinsdale, 12 Mich. 100; Gildas v. Crosby, 61 Mich. 413, 28 N. W. Rep. 153. In the latter case the supreme court of Michigan says, quoting from the decision in the former case: "But in both (replevin and detinue) there must be an unlawful detention at the time of the institution of the suit. The detention is the gist of the action." The court then proceeds: "It has been generally held elsewhere that replevin will not lie for the detention of property unless, at the time of the demand or bringing of the suit, the possession of the same is in the defendant. In order to comply with the mandate of the writ, he must have either the actual or constructive possession of the property, and he cannot deliver the goods on demand unless it is in his power to do so. If he has sold the property or parted with its possession so he cannot reclaim it, the remedy against him must be in some other form of action. If the plaintiff wishes a specific delivery of the property under the writ of replevin, he must bring his action against the one holding the possession of the goods."

The case of Moses v. Morris, 20 Kan. 208, is quite analogous to the case at bar, as in that case there was a special finding of fact by the jury, as follows: "Question. Did G. M. Moses, as sheriff of Barton county, have the property in controversy in his possession at the commencement of the action? Answer. No."

Notwithstanding this special finding, the jury found a general verdict for the plaintiff. A motion for a new trial was made and denied, and, upon appeal to the supreme court of Kansas, the judgment was reversed, upon the ground that upon the special finding judgment should have been for the defendant Moses. In that case the court says: "Without either actual or constructive possession there is no power to deliver the property, and in the absence of such possession, it cannot be said that a defendant wrongfully detains the property. He may have committed acts which make him liable in damages, and he may be liable for the value or use of the property in another form, but the action of replevin is not the proper remedy in such a case." In Feder v. Abrahams, 28 Mo. App. 454, which was an action of replevin, the court of appeals of Missouri says: "That action cannot be maintained in this state when the defendant has neither possession nor control of the property at the date of the institution of the suit. As it affirmatively appeared, as well by the sheriff's return as by the plaintiff's own testimony, that Abrahams had neither possession nor control of the goods at the date of the institution of the suit, no judgment could be rendered against him in this action." Davis v. Randolph, 3 Mo. App. 454; Hall v. White, 106 Mass. 599; Richardson v. Reed, 4 Gray, 441; Johnson v. Garlick, 25 Wis. 705; McHugh v. Robinson, 71 Wis. 565, 37 N. W. Rep. 426; State v. Jennings, 14 Ohio St. 73; Coffin v. Gephart, 18 Iowa, 257; Haughton v. Newberry, 69 N. C. 456; Mitchell v. Roberts, 50 N. H. 486; Ames v. Boom Co., 8 Minn. 467, (Gil. 417;) Howe v. Shaw, 56 Me. 291; Street v. McClerkin, 77 Ala. 580; Cobby, Rep. §§ 61-64.

Mr. Cobbey, in his recent work on the Law of Replevin, states the law upon this subject as follows. In section 61 he says: "To enable plaintiff to maintain an action for the recovery of specific personal property, the defendant must be in possession thereof at the commencement of the action. Where the petition alleges that the defendant is in possession, and the proof shows the contrary, there is such a variance between the allegations and the proof as disables plaintiff from recovering." Again, in section 64, he says: "Replevin will not lie against one who is not detaining the property when the writ is sued out. It is the condition of

things when the suit is commenced which furnishes the ground for the action. It is strictly a possessory action, and it lies only in behalf of one entitled to possession, against one having, at the time the suit is begun, actual or constructive possession and control of the property. Replevin does not lie against one who is not unlawfully detaining the property at the time the affidavit for the writ is sworn to and the writ delivered to the officer. So held where the writ was sworn out and held until defendant could be caught in temporary possession."

It will be observed that the learned author makes no distinction between the case of property unlawfully detained, which could only be recovered in the old common-law action of detinue, and the case of property wrongfully taken and unlawfully detained, that could be recovered in the old common-law action of replevin. As the object of both actions at common law was the recovery of specific personal property unlawfully detained, and the gist of the action was the unlawful detention of the same, when the forms of pleadings were abolished under the Code system, the common-law distinction between the two actions was necessarily abolished also. It is quite immaterial, therefore, under the Code, how the defendant acquired the possession of the property sought to be recovered, so far as the action to recover the property is concerned. Our Code of Civil Procedure contains provisions governing the action for the recovery of specific personal property unlawfully detained, when an immediate delivery is claimed by the plaintiff, (sections 4972-4983;) and the form of the verdict (section 5063) and judgment (section 5099) are given. But these provisions do not recognize any distinction between an action for the wrongful taking and unlawful detention, simply. The evident design of the lawmakers was that this action should take the place of and be substituted for the old actions of replevin and detinue. The action under the Code is based upon plaintiff's right to the possession and the unlawful detention by the defendant. This is made quite clear from the facts required to be stated in the affidavit for the immediate delivery of the property, if an immediate delivery is claimed. The affidavit required seems to be the same in all cases, and must contain the statement that the property "is wrongfully

detained by the defendant." This affidavit could not truthfully
be made by a party unless the property was actually or construc-
tively in the possession or under the control of the defendant. We
are clearly of the opinion, therefore, that when it appears, from the
findings of a referee, verdict of a jury, or evidence in the case, that
the specific property sought to be recovered is neither actually
nor constructively in the possession or under the control of the
defendant when the action is commenced, the action cannot be
maintained against him; and that under the findings, therefore,
of the referee in this case, judgment should have been entered for
the defendant De Witt.

2. This brings us to the consideration of the second question
presented. The views expressed by us upon the first point sub-
stantially dispose of this question. The amendment permitted by
the court did not, we think, add a new cause of action, as contended
by the counsel for the appellant, but left the complaint as it was
originally drawn,—a complaint for the recovery of specific personal
property unlawfully detained. In such an action it would seem
to be wholly immaterial whether the property was wrongfully
and forcibly taken from the possession of the plaintiff by the de-
fendant, or came rightfully into the possession of the defendant,
if it was, at the commencement of the action, unlawfully detained.
The plaintiff's right to the possession and the defendant's unlaw-
ful detention are the only issues involved in the action, except,
perhaps, value and damages. The evidence that the defendant
wrongfully and forcibly took the property from the possession of
the plaintiff would have been competent to prove the unlawful de-
tention by the defendant, and also to prove the prior actual posses-
sion of the plaintiff, which would tend to establish plaintiff's owner-
ship of the property. Oleson v. Merrill, 20 Wis. 462. In that case
the supreme court of Wisconsin, speaking by Mr. Chief Justice
DIXON, says: "Under the allegations that the defendant wrong-
fully detains, the plaintiff may prove a wrongful taking of the prop-
erty, a demand and refusal, or any of the facts that render a de-
mand and refusal unnecessary, when the original taking was law-
ful. Proof of any facts showing that the property was wrongfully
detained at the commencement of the action will justify the allega-

19—S. D.

tion of the complaint, and entitle the plaintiff to recover." This
being so, the allegation of, the wrongful and forcible taking does
not change the nature of the action.   While, therefore, the learned
court committed no error in permitting the plaintiff to amend his
complaint to conform to the facts proved, we are of the opinion
that the plaintiff by the amendment added no material allega-
tion to the complaint, and hence that the action remained one in,
which no recovery could be had unless the defendant had the pos-
session or control of the property at the commencement of the ac-
tion.   In rendering judgment against the defendant De Witt,
therefore, upon the findings of the referee, we are of the opinion
that the learned circuit court committed error.   Upon these find-
ings the court should have rendered a judgment dismissing the
complaint as to said defendant De Witt.   The judgment of the
circuit court, so far as the same affects the defendant All. H. De
Witt, is reversed, and that court is directed to enter a judgment
dismissing the complaint as to the said defendant All. H. De Witt.
All the judges concurring.