[No. 1404.]

M. C. GARDNER, Sr., Plaintiff and Respondent *v.* LOUIS BROWN, MORRIS BROWN, BENJAMIN SCHEIDMAN, JACOB KLEIN, C. H. PETERS and W. A. DONNELLY, Defendants and Appellants.

1—Statement on Motion for New Trial—Settled in Trial Court—Appellate Court on Motion Cannot Correct, Alter, or Amend.—The statement having been settled and certified by the district judge, according to the statute, this court has no power to alter or amend it.

2—Replevin—Claim and Delivery of Personal Property—Detention—Possession.—In an action of replevin or claim and delivery of personal property the detention is the gist of the action, and recovery of possession of the property is its primary object, and when the complaint alleges possession in defendant at the time the action was commenced, and the proof shows the contrary, there is such a variance between the allegation and the proof as disables plaintiff from recovering.

3—Replevin—Measure of Damages In—Value of Property Involved In—Fluctuation of Valuation During Litigation.—When the value of the cattle—the subject of the litigation—had fluctuated during the pendency of the action, an instruction that plaintiff could recover the highest value between the taking and the trial was erroneous. The value at the time of the trial is the only competent indemnity.

Appeal from order overruling motion for new trial from District Court, Ormsby county; *Richard Rising*, District Judge.

The facts appear in the opinion.

*Torreyson & Summerfield,* for Appellant:

At the time of bringing this action plaintiff and respondent well knew that appellants, nor neither of them, had either actual or constructive possession or control of the property, or any part thereof, which he sought to recover. The very gist of the action of claim and delivery is the unlawful *detention* of the property at the time of the commencement of the action. (*Riciotto* v. *Clement,* 94 Cal. 105; *Phillips* v. *Schall,* 21 Mo. App. 38; *Pilkington* v. *Trigg,* 28 Mo. 95; *Rowe* v. *Hicks,* 58 Vt. 18; *Haggard* v. *Walland,* 6 Neb. 271; *Mercer* v. *James,* 6 Neb. 406; *Willis* v. *DeWitt* (S. D.), 52 N. W. 1091; Cobbey on Replevin, sec. 12; Wells on Replevin, sec. 135.)

Defendant must be in either the actual or the constructive possession at the time of the commencement of the suit, and be detaining the property at such time, or the action of claim and delivery will not lie. (94 Cal. 105; 28 Mo. App. 454; 52 N. W. 1091; 5 Mo. App. 565; 25 Wis. 705; 18 Iowa, 257; 69 N. C. 456; 106 Mass. 599; 3 Sanf. (N. Y.) 707; 12 Barb. (N. Y.) 347; 45 Kan. 130; 20 Kan. 208; 60 Mich. 357; 8 Minn. 467; 59 Miss. 340; 40 Miss. 760; Cobbey on Replevin, secs. 61 and 64; Wells on Replevin, sec. 134.)

The California statute (sec. 509, *et seq.*) is almost literally identical with our claim and delivery statute, and we have every reason to believe that our own was modeled after it.

When the motion for a non-suit was made the court below ruled that appellants' answers admitted their possession of the cattle when the suit was commenced, and so ruled when the motion was renewed and the affirmative allegations of the answers were pointedly emphasized. In these rulings the court seriously erred to appellants' prejudice. Under exactly similar pleadings in 94 Cal. 105, it was decided that possession was not admitted. In *Feder* v. *Abrahams,* 28 Mo. App. 454, where defendant allowed default to be entered against him, but the court held it is not an admission of possession, and that plaintiff could recover only upon affirmative proof of the allegations contained in his complaint.

The court erred in overruling the motion for a non-suit made by appellants Brown, Schneideman, Klein and Peters. (*Blatchford* v. *Boyden,* 122 Ill. 657; *Maxey* v. *White,* 53 Miss.

80; *Griffin* v. *Lancaster*, 59 Miss. 340; *Brockway* v. *Burnap*, 12 Barb. 347; Cobbey on Replevin, sec. 436; Wells on Replevin, sec. 143.)

The court erred in admitting evidence, over appellants' objections, to prove the highest market value of the cattle between the date of the levy and the time of trial, and also in instructing the jury that if the value of the cattle was found to be fluctuating their value might be fixed at the highest price between the date of levy and the rendition of the verdict. The true rule for the ascertainment of personal property in actions of claim and delivery is to find its value existing at the time of trial. This is *stare decisis* in Nevada. (*O'Meara* v. *N. Am. Co.*, 2 Nev. 112; *Bercich* v. *Marye*, 9 Nev. 312; *Buckley* v. *Buckley*, 12 Nev. 423.)

*Buckley* v. *Buckley*, *supra*, was an action in claim and delivery for live stock. In his concurring opinion Justice Beatty said: " At what time, then, is the condition and value of the property to be estimated? It has been twice decided in this court, and, as I think, correctly decided, that the condition of the property at the time of the trial can alone be considered in assessing its value. Its value at the date of the trial is the value which the jury must fix by its verdict."

Appellants submit, that a careful and critical analysis of the authorities will show that nearly all of them adopting an apparently different rule from that established in Nevada are in cases of *conversion*, and not of claim and delivery, and that they in fact do not conflict with the Nevada decisions. The Nevada rule is supported by a host of able decisions and text authors. (*N. Y. G. & I. Co.* v. *Flynn*, 55 N. Y. 653; *Brewster* v. *Silliman*, 38 N. Y. 423; *Mix* v. *Kepner*, 81 Mo. 93; *Parrott* v. *Elliott*, 63 N. C. 215; *Morris* v. *Coburn*, 71 Tex. 406; Cobbey on Replevin, secs. 850 and 938, *et seq.*; 3 Sutherland on Damages. sec. 1150; 2 Sedgwick on Damages, sec. 533.)

In trover the supreme court of Nevada, on the subject of the "highest market value," has emphatically repudiated the doctrine sought to be established by respondent. (*Boylan* v. *Huguet*, 8 Nev. 346.)

In actions of replevin lien charges paid are allowed as a recoupment. (*Mackey* v. *Dillinger*, 73 Pa. St. 85; *Babb* v. *Calcott*, 47 Mo. 343; 3 Suth. on Damages, sec. 1161; Water-

man on Set-off, tit. Recoupment, sec. 455, *et seq.*; Pomeroy on Remedies and Remedial Rights, 2d ed., sec. 731, *et seq.*; 7 Wait's Actions and Defenses, p. 544, *et seq.*)

Because a complaint states a cause of action at law alone, and the answer affirmatively set up an equitable defense, it no more follows that the complaint alone shall determine the character of the action than it follows that " one swallow makes a summer." In so far as the equitable defense is concerned, it should be tried and determined in the same manner as though it was an independent proceeding in equity. (*South End Mg. Co.* v. *Tinney,* 22 Nev., and authorities there cited.)

In his concurring opinion in *Simpson* v. *Harris,* 21 Nev. 376, Justice Bigelow, citing authorities, said: " When a jury is called in an equity case, only special issues should be submitted to them, and when found their verdict is only advisory to the court. A general verdict in such a case is improper and should be disregarded."

*Trenmor Coffin,* for Respondent:

The motion for a non-suit was based solely upon the assumed fact that defendants were not in possession of the cattle when the suit was brought. The complaint alleged that the cattle were wrongfully taken and detained by defendants. The answer denied that the defendants wrongfully or unlawfully detained the cattle. This is an admission of the detention, and only a denial of the wrongful and unlawful character of the detention, and is not a denial of the allegations as to the taking and detention of the property. (*Richardson* v. *Smith,* 29 Cal. 529–30.)

The difference between the action of replevin as treated by the authorities cited by appellant, and our action of claim and delivery is well illustrated by Cobbey's Law of Replevin, 652.

An action of replevin should ordinarily not be maintained against any one not in the possession of the property, otherwise a person might be deprived of the possession of his property by an action to which he was not a party. (*Houghton* v. *Newberry,* 69 N. C. 458.)

" The writ in claim and delivery only authorizes the taking from the defendant named in the writ, or his agent, not

from a stranger." (*Ottis* v. *Williams*, 70 N. Y. 208; *Manning* v. *Keenan*, 73 N. Y. 45.)

Our statute on claim and delivery only authorizes the property to be taken from the *defendants*, or their agents. (Gen. Stats., secs. 3121–24.)

Appellant in his complaint prays for the possession of the property *only from defendants*, and if possession cannot be had from *them*, then for a money judgment for its value.

The statutes of Kansas and the decisions thereunder contemplate the taking of "*specific* personal property" from any one, no matter whether the person in whose possession it may be found was a defendant in the action or not. (Gen. Stats. Kansas, 1889, vol. 2, secs. 4259, 4260, 4262, 4264, 4270; 45 Kan. 130; 20 Kan. 213; 17 Kan. 204.)

In *Riciotto* v. *Clement*, 94 Cal. 105, the supreme court commission of California followed the rule laid down in Kansas and other states, having entirely different statutes from ours.

The preponderance of authority applicable to a case arising under our statute of claim and delivery seems to be that where the original taking was wrongful, the action may be maintained, notwithstanding defendants may have parted with possession before suit was brought. (23 N. Y. 264; 80 Am. Dec. 261–264; 27 N. Y. 277; 16 Barb. 307; 48 Barb. 539; 7 Johns. 140; 3 Wend. 280; 10 Wend. 349; 22 Wend. 602; 27 N. Y. 277; 27 Me. 453; 39 Kan. 437; 34 Ark. 93–104; 40 Ark. 551–55; 76 Wis. 428; 3 How. (4 Miss.) 394; 9 Tex. 336–342; 1 Brev. (S. C.) 301; 5 Yerg. (Tenn.) 361.)

The statutes of Michigan, Iowa, Missouri and Kansas are all quite similar, differing from these, but almost identical with each other are those of New York, North Carolina, Nevada, Arkansas and Wisconsin. (Wait's N. Y. Annotated Code, sec. 206, *et seq.*; Code of N. C., vol. 1, 1883, sec. 321, *et seq.*; Gen. Stats. Nev., sec. 3121, *et seq.*; Sanborn & Merriman's An. Stats. of Wis., vol. 2, sec. 2717, *et seq.*, p. 1572, *et seq.*; Digest of Stats. Ark., 1884, sec. 5571, *et seq.*)

In claim and delivery, if plaintiff elects not to file his affidavit and undertaking and claim a return of the property at the commencement of the action, the action proceeds as in the old action of detinue for its value and damages for detention. (*Jarmen* v. *Ward*, 67 N. C. 32; *Miller* v. *Hahn*, 84 N. C. 228.)

In detinue the action could be maintained against one who had disposed of the property before the suit was brought. (*Haley* v. *Rowen*, 5 Yerg. (Tenn.) 361, and authorities cited; *O'Shea* v. *Toohig*, 9 Tex. 343; *Lowrey* v. *Houston*, 3 How. (4 Miss.) 394; *Harkey* v. *Tillman*, 40 Ark. 555.)

In those states where it is held that the action of replevin cannot be maintained against one not in possession at its commencement, the affidavit, undertaking and writ of replevin are held to be the foundation of the action. The affidavit is held to be jurisdictional. (Cobbey on Replevin, secs. 525 and 526, and authorities cited.)

On the other hand, where the jurisdiction depends upon complaint and summons, or even in some cases where the taking of the property by plaintiff at the commencement of the action is the foundation of the action, as in the old common law action of replevin, the writ is held to be only ancillary or provisional, and that if the property is not taken, it is really not a replevin action, but may proceed as an action for damages. (Cobbey on Replevin, sec. 527, and authorities; *Williams* v. *Gardner*, 22 Kan. 122; *Bachelor* v. *Walburn*, 23 Kan. 733; *Bingham* v. *Morrow*, 29 Mo. App. 448–51; *Eads* v. *Stephens*, 63 Mo. 90.)

If in replevin it appears upon the trial that the property has been lost or destroyed, or that it cannot be returned, judgment for damages only may be entered without judgment for possession. (*Brown* v. *Johnson*, 45 Cal. 76.)

*Hall* v. *White*, 106 Mass. 599, seems not to be in point for the reason that there seems to be no statutory action of claim and delivery in Massachusetts. The action is the old common law action of replevin there. (*Richardson* v. *Reed*, 4 Gray (70 Mass.) 443.)

*Abber* v. *Bratton*, 60 Mich. 361–2, seems not to be in point for the reason that the property had been returned to plaintiff before the commencement of the action, and there was nothing left except action for damages for the detention.

There is no such action under the Michigan statutes as our action of claim and delivery. There the action can only be commenced by the issuance of a writ of replevin. Here by complaint and summons.

The immediate return of the property to plaintiff is the basis of the action in Michigan, while in this state it is only

incidental or provisional, and may be claimed by the plaintiff or not at his option. (Howell's An. Stats. Mich., vol. 2, secs. 8315, 8320, 8323-25, *et seq.*) Under the peculiar statute of Michigan the action of replevin lies only in the *detinet*. (*LeRoy* v. *East S. C. R. R.*, 18 Mich. 233; 100 Am. Dec. 162.)

· In Missouri, under the statute concerning replevin, the action is treated as simply the common law action of replevin. (Rev. Stats. Mo. 1889, vol. 2, Replevin, sec. 7479, *et seq.; Feder* v. *Abrahams*, 28 Mo. App. 457.)

· The provision in the statute that the plaintiff, at the commencement of his action, "*may*" claim the immediate delivery of the property, is construed to mean "*must*" and to be *mandatory*, thus making the action the same as in Michigan. (*Davis* v. *Randolph*, 3 Mo. App. 456.)

It will not be contended that the New York decisions, which are upon a statute like ours, are not in point in this state, where the word *may*, in sec. 3121, Gen. Stats. Nev., has never been changed by either bench, bar or legislature into *must*.

The statute of Iowa provided for the taking of the property from any one in whose possession it may be found, and provides also that all third parties who may claim an interest in the property may be made parties to the action. (McClain's An. Code of Iowa, 1888, secs. 4455-4462, *et seq.*)

The statute of Nebraska and Mississippi upon the subject of replevin are substantially the same as those of Iowa, Michigan and Missouri. (Cobbey's Consolidated Stats. of Neb., 1891, "Replevin of Property," secs. 4689-4693; Annotated Code of Miss., secs. 3707-3712, *et seq.*)

If *Johnson* v. *Garlick*, 25 Wis. 705, could be construed into an authority against respondent's position, it has been overruled in so far as it is against our position by the later case of *Prank* v. *Herman*, 76 Wis. 428.

In *Houghton* v. *Newburry*, 69 N. C. 456-9, there was a prayer for return of possession only. Defendant had never wrongfully taken the property, and (as in 18 Iowa, 257) did not wrongfully detain it at the time of the trial, having sold it before the suit was commenced. The court held that plaintiff should have asked leave to amend his complaint and pray for judgment for the value of the property, and that he could then have recovered. This case is a better

authority for respondent than for appellant. ( *Webb.* v. *Taylor*, 80 N. C. 307.)

*Mitchell* v. *Roberts*, 50 N. H. 486, is not in point for the reason that there was no statutory action of claim and delivery in New Hampshire, at least not such as we have. It was the common law action of replevin. The goods were in the custody of the sheriff. It was held that they were in the custody of the law and could not be replevined.

From the foregoing authorities and those hereinafter cited it must be apparent that the framers of the claim and delivery statutes intended that the action of " claim and delivery " should be a substitute for the common law actions of replevin, trespass, trover and detinue, and both the bench and bar have always so treated it. On this subject, see note and authorities cited on page 432 of vol. 91, Am. Dec., also *Wilson* v. *Rybolt*, 17 Ind. 391, 79 Am. Dec. 486.

Long acquiescence gives a construction of a statute which courts will not disregard, even if such a construction might be questioned as an original proposition. (*State* v. *Grey*, 21 Nev. 386-7; *Lincoln County* v. *Lunning*, 133 U. S. 530.)

In *Whitman Mg. Co.* v. *Tritle*, 4 Nev. 494, the court in its opinion seems to assume, without deciding the question, that our statutory action of claim and delivery is the equivalent of, and is a substitute for, the old action of replevin and trover. To the same effect is *Buckley* v. *Buckley*, 12 Nev. 430. *Bercich* v. *Marye*, 9 Nev. 312, was a suit " under the statute on claim and delivery of personal property such as is usually known as an action of replevin."

The motion for a non-suit by Klein and Peters was properly denied. It was they who induced the sheriff to make the levy. Without their indemnity the sheriff would not have taken the property.

The action was properly brought and maintained against all of the defendants, some of whom were execution creditors directing the levy, and some of whom indemnified the sheriff in order to induce him to proceed. (*Elder* v. *Frevert*, 18 Nev. 450-52, and authorities cited; Freeman on Judg., secs. 181-84; *Lovejoy* v. *Murry*, 3 Wall. (70 U. S.) 1; *Herring* v. *Hopkings*, 15 N. Y. 413, and authorities cited; *Root* v. *Chandler*, 10 Wend. 110; *Knight* v. *Nelson*, 117 Mass. 458; *Lewis* v. *Johns*, 34 Cal. 629.)

Replevin lies by the owner of chattels against one who "had no possession or connection therewith other than to direct a sheriff to levy an execution in his favor upon them." (*Knapp* v. *Smith*, 27 N. Y. 277–81; *Allen* v. *Crary*, 10 Wend. 349, 25 Am. Dec. 566, notes and authorities cited; *Stewart* v. *Wells*, 6 Barb. 79; *Pangburn* v. *Patridge*, 7 Johns. 140, 5 Am. Dec. 250; *Bruen* v. *Ogden*, 6 Halstead (N. Y.) 370, 20 Am. Dec. 593; *Phillips* v. *Harris*, 3 J. J. Marshall (Ky.) 122, 19 Am. Dec. 166; *Marshall* v. *Davis*, 1 Wend. 109, 19 Am. Dec. 463, notes and authorities cited; *Crocker* v. *Mann*, 3 Mo. 472, 26 Am. Dec. 684.)

"Property wrongfully taken is wrongfully detained until it is restored to the possession of the person rightfully entitled to it." "Any acts amounting to a conversion in trover will constitute a wrongful detention in replevin." "A wrongful detention may be shown by proof of a wrongful taking." (*Oleson* v. *Merrill*, 20 Wis. 462, 91 Am. Dec. 428, notes and authorities cited.)

The authorites cited by respondents were cases decided under a state of facts where the property was steadily advancing or increasing in value up the time of trial. (9 Nev. 312; 12 Nev. 423.)

The case of *O'Meara* v. *North Am. Mg. Co.*, 2 Nev. 112, was a case in equity for the transfer of mining stock, where the court held that plaintiff was not entitled to any specific stock, but only to a given number of shares.

The instructions given by the court upon the question of measure of damages were within the line of safe precedence. (9 Nev. 312; 34 N. Y. 493; 26 N. Y. 309; 24 Barb. 295; 46 Barb. 184; 41 N. Y. 239; 51 N. Y. 70; 37 Ga. 335; 33 Cal. 117; 9 Cal. 562; 26 Pa. St. 143; 53 Pa. St. 310; 69 Pa. St. 403; 33 Ind. 127; 20 Ala. 694.)

The same rule as to damages applies in cases of replevin or claim and delivery, as in cases of trover or conversion. (*Tulley* v. *Harlowe*, 35 Cal. 303; *Page* v. *Fowler*, 39 Cal. 412; *Johnson* v. *Marshall*, 34 Ala. 522; *Holley* v. *Flourney*, 54 Ala. 99; Field on Damages, "Replevin," secs. 825–26–28, *et seq.*; *Robinson* v. *Adams*, 62 Me. 369, 16 Am. Rep. 470–72; *Dorsey* v. *Gassaway*, 2 H. & A. (Md.) 402, 3 Am. Dec. 557.)

The value of the cattle should have been found by the jury at the highest market price prior to the time of the trial.

See authorities *supra*, which was their value at the time of trial.

The jury should also have found exemplary damages in favor of plaintiff, but the question of exemplary damages was not allowed to go to the jury.

Appellants' suggestion of an agister's lien upon the cattle is remarkable. That is, it is the proper subject of remark by reason of the propositions it contains.

The restraining orders were demanded by respondents Brown Brothers, and were issued without color of right, but Gardner was unable to get them dissolved and vacated until February 7, 1893. (*Smith* v. *Weeks*, 60 Wis. 94–108; *Hinsdale* v. *Sinclair*, 83 N. C. 339.)

The taking and disposing of the cattle by respondents while Gardner was at their instance restrained from so doing, showed outrage, insult and oppression toward Gardner and bad faith toward the court, which should have entitled Gardner to exemplary damages.

There was no error in the court's denying defendant's motion to amend their answers at the close of the trial.

Plaintiff made no objection to the motion to amend the answers, but stood ready, if the amendment of the answers was allowed under the authority of section 68, Civil Prac. Act, and *Riciotto* v. *Clemont*, 94 Cal. 108 and 69 N. C. 458–9, to amend his complaint by striking out the allegations of possession and the prayer for an alternative judgment. If defendant had been allowed to amend, the same privilege could not have been refused to plaintiff.

The alternative judgment gives the respondents a privilege, an option, a right which they could not have had had the pleadings been amended to eliminate the question of possession. Hence, respondents cannot complain. (*Carson* v. *Applegarth*, 6 Nev. 188.)

In an equity case the calling of a jury and the submission of special issues is always discretionary with the court.

When special issues are found by a jury the court is not bound by them in equity. The chancellor may adopt or ignore the findings of the jury. If the case were in equity, defendants cannot complain that the court refused to submit certain special issues to the jury.

In *Scheetz's Appeal*, 35 Pa. St. 88–94, the court said: "It has

often been decided by this court that the granting or refusing an issue, where the proceedings are in equity, is not the subject of a writ of error. This is a necessary result from the nature of the proceedings. A chancellor directs it as a means of informing his conscience as to disputed facts, but even when found by a jury in a particular way they are not binding on him. He may disregard the findings if he thinks them wrong. No writ of error lies to the issue." To the same effect, see 95 Cal. 529–30; 65 Cal. 179; 67 Cal. 302; 72 Cal. 348; 99 Mass. 200–206; 87 U. S. (20 Wall.) 670; 4 Nev. 95–98; 16 Nev. 354; 8 Nev. 290; Gen. Stats. Nev., sec. 3205; 3 How. (Miss.) 276; 13 N. J. Chancery 456; Proffat on Jury Trial, sec. 90.

The action in this case was not in equity. The action of replevin was an ancient common law action to be tried by a jury. (Cobbey's Law of Replevin, secs. 257, 525–6, and authorities cited; *McDonald* v. *Scaife*, 11 Pa. St. 381; 31 Am. Dec. 556.).

Questions of fraud may be raised and determined either in common law actions by common law methods or in suits in equity, according to the character and procedure.

In *Fish* v. *Benson*, 71 Cal. 429–35, the court said: " Both courts of law and equity in proper cases have jurisdiction in cases of fraud, and when the facts constituting the fraud and the relief sought are such as are cognizable in a court of law, the parties are entitled to a jury trial, but where the case as made by the pleadings involves the application of the doctrines of equity and the granting of relief which can be obtained in a court of equity and not elsewhere, the parties are not entitled to a jury trial." (Citing numerous California authorities.) (*Redington* v. *Nunam*, 60 Cal. 633; *Churchill* v. *Lee*, 77 N. C. 341; *Ivancovich* v. *Stern*, 14 Nev. 341.)

The action being an action at law, it is equally clear that it was entirely discretionary with the court to submit special issues to the jury. The action of the court in refusing to submit special issues is not in any way the subject of review on appeal. (Waits N. Y. Ann. Code, sec. 261; *Hackford* v. *N. Y. Cen. R. R. Co.*, 53 N. Y. 654; Cal. Prac. Act, sec. 174; Code Civil Proc. Cal., sec. 625; *Am. Co.* v. *Bradford*, 27 Cal. 365; Code Civil Proc. Ohio, sec. 376; Whittaker's Ohio Ann. Code, sec. 5201; *Cleveland C. C. R. R. Co.* v. *Terry*, 8 Ohio St.

570–86; *Adam's Ex. Co.* v. *Pollack*, 12 Ohio St. 618; Nev. Prac. Act, sec. 177; Gen. Stats. Nev., sec. 3199.)

The special issues asked by defendant did not cover all of the issues in the case. When the special issues requested do not cover all of the issues in a case, it is improper and irregular to submit them to the jury. .(*Knickerbocker Co.* v. *Hall*, 3 Nev. 104–200; *Phœnix Water Co.* v. *Fletcher*, 23 Cal. 482–89.)

All of the special issues requested might have been found in favor of defendants, and yet plaintiff would have been entitled to recover. Plaintiff had a complete and unimpeachable title to the property, and complete possession of it before the levy of the execution by his purchase from J. H. Gardner, independent of his purchase from Ida Gardner. (*Montgomery* v. *Hunt*, 5 Cal. 366; *Cartwright* v. *Phœnix*, 7 Cal. 281; *Williams* v. *Lerch*, 56 Cal. 330; Benjamin on Sales, Am. ed., sec. 174, p. 142; see instructions given to jury: *Walden* v. *Murdock*, 23 Cal. 540; *Ross* v. *Sedgwick*, 69 Cal. 247; *Hogan* v. *Cowell*, 73 Cal. 211.)

The special issues requested were embraced in the instructions given to the jury and were covered by the general verdict, including the question of fraud in its fullest extent and scope.

The general verdict of the jury embraced a finding upon all the points in favor of plaintiff.

By the Court, BELKNAP, J.:

This is an appeal from an order overruling a motion for a new trial. The action was in the ordinary form of claim and delivery under the statute for the recovery of the possession of a certain number of cattle and horses alleged to be withheld and detained by the defendants.

The answer justifies the taking by the defendants, one of whom is the sheriff of Lyon county, under an execution against J. H. Gardner, a son of the plaintiff, as his property, and a subsequent sale in the month of January, 1893, two months before this suit was commenced. The proofs showed without question that the cattle were sold as alleged in the answer. Upon these facts the question arises, has the plaintiff established a cause of action in claim and delivery against the defendants? In order to have established his

case, he should have shown a possession of the demanded property in the defendants, as he had alleged in his complaint. The detention is the gist of the action, and recovery of :the possession of the property its primary object. The statute has provided all the appliances to this end, and the allegations of the complaint are consistent with this view. The proofs show a fatal variance, and the requirement of the statute that the complaint shall contain a logical statement of the facts constituting the cause of action has been disregarded.

In his recent work on Replevin, Mr. Cobbey states the law as follows: "To enable plaintiff to maintain an action for the recovery of specific personal property, the defendant must be in possession thereof at the commencement of the action. When the petitioner alleges that the defendant is in possession, and the proof shows the contrary, there is such a variance between the allegations and the proof as disables plaintiff from recovery." (Sec. 61.)

The New York cases have adopted a different view (*Nichols* v. *Michael*, 23 N. Y. 264), but the great weight of authority is the other way. (*Coffin* v. *Gephart*, 18 Iowa, 257; *Riciotto* v. *Clement*, 94 Cal. 105, 29 Pac. 414; *Haughton* v. *Newberry*, 69 N. C. 456; *Hall* v. *White*, 106 Mass. 599; *Aber* v. *Bratton*, 60 Mich. 357, 27 N. W. 564; *Griffin* v. *Lancaster*, 59 Miss. 340; *Moses* v. *Morris*, 20 Kan. 208; *Davis* v. *Randolph*, 3 Mo. App. 454; *Feder* v. *Abrahams*, 28 Mo. App. 454; *Willis* v. *De Witt*, (S. D.) 52 N. W. 1090.)

We should have hesitated before reversing this case upon this point if substantial justice had been done by the verdict. But the measure of damages established at the trial was wrong, and for this reason, if for no other, we are constrained to remand it. The value of cattle—the subject of the litigation—had fluctuated during the pendency of the suit, and the jury were instructed that the plaintiff could recover the highest value between the taking and the trial.

In *O'Meara* v. *Mining Co.*, 2 Nev. 112, this court decided that in this class of cases, when the plaintiff asks for the return of the specific property, or its value, if a return cannot be had, the value of the property at the time of trial is the only complete indemnity. To the same effect were the

rulings in the subsequent cases of *Bercich* v. *Marye*, 9 Nev. 312, and *Buckley* v. *Buckley*, 12 Nev. 423.

In *Boylan* v. *Huguet*, 8 Nev. 345, we held that the value of the property at the time of the conversion, with interest from that date, together with such special damages as the plaintiff may be entitled to, was the rule in trover. New decisions show that the purpose of the court has been to fully indemnify the injured party without punishing the wrongdoer.

A motion was made in this court before its submission upon the merits for the purpose of correcting the record by striking out one of the instructions given to the jury at the trial upon the ground that it had not in fact been given at the trial. We denied the motion upon the ground that the statutes invest only the judges of the district court with authority to settle statements upon motion for new trial. In this present case the statement was so settled, as appears by the certificate of the judge. This court has no power to alter or amend it. It is the record upon which we are to act.

Judgment reversed, and cause remanded.