[No. 1958]

MRS. J. W. FAPP AND J. W. FAPP (HER HUSBAND),
RESPONDENTS, v. J. S. McQUILLAN AND C. F.
WITTENBERG, DOING BUSINESS UNDER THE
FIRM NAME OF WITTENBERG WAREHOUSE
COMPANY, APPELLANTS.

[145 Pac. 962]

1. CLAIM AND DELIVERY—REPLEVIN—DEFENSES.
   In an action in claim and delivery to recover possession of
   personalty, which defendants held as warehousemen, proof
   that whatever interest they had as such had been transferred
   to a corporation which succeeded to the business is a good
   defense.

2. CLAIM AND DELIVERY—REPLEVIN—NECESSARY PARTIES.
   In claim and delivery to recover personalty held by ware-
   housemen, the successors to the business, as well as the one
   whom the warehousemen asserted was the owner, are necessary
   parties.

APPEAL from the Fifth Judicial District Court, Nye
County; Mark R. Averill, Judge.

Action by Mrs. J. W. Fapp and husband against J. S.
McQuillan and C. F. Wittenberg, copartners doing busi-
ness as the Wittenberg Warehouse Company. From a
judgment for plaintiffs, and an order denying new trial,
defendants appeal. Reversed and remanded.

McIntosh & Cooke, for Appellants.

D. S. Truman and J. A. Sanders, for Respondents.

By the Court, NORCROSS, J.:

This was an action in claim and delivery of personal
property to recover possession of certain mining machin-
ery alleged to be the property of the plaintiff, Mrs. J. W.
Fapp, and wrongfully detained by respondents. Judg-
ment was for the plaintiffs. From the judgment and
from the order denying a motion for a new trial, the
defendants have appealed.

[1] The answer denied that the defendants, appellants
herein, were copartners as alleged in the complaint or
were such copartners subsequent to the 13th day of
September, 1907. The answer further denied that plain-
tiffs, or either of them, were owners of or entitled to the

property in question. The answer further alleged that the property in question, at the time of filing the complaint, and for a long time prior thereto, was and now is the property of one F. E. Attux; that prior to the time of filing the suit the defendants transferred all their interests as copartners to a corporation, duly formed under the laws of the State of Nevada, and named the Wittenberg Warehouse and Transfer Company, which said corporation at the time of bringing the action was and ever since has been in the actual possession of said property.

It appears from the record that respondents contended at the trial that the said Attux, having or claiming to have an interest in the property as owner thereof, and the said corporation, Wittenberg Warehouse and Transfer Company, should be made parties and be brought into the case. The court declined to make an order of this character. The evidence appears, without conflict, to show that whatever interest the defendants had in the property as warehousemen was, prior to the institution of the action, transferred to the Wittenberg Warehouse and Transfer Company, a corporation. Upon this showing judgment should have been for the defendants. (*Gardner* v. *Brown,* 22 Nev. 156, 37 Pac. 240.)

[2] We think it also clear that F. E. Attux and the Wittenberg Warehouse and Transfer Company were necessary parties to the proceeding. (*Robinson* v. *Kind,* 23 Nev. 330, 338, 47 Pac. 1, 977.)

A number of other questions have been argued in the briefs which are unnecessary now to determine.

The judgment and order are reversed, and the cause remanded.

TALBOT, C. J.: I concur.

[MCCARRAN, J., having become a member of the court after the argument and submission of the case, did not participate in the opinion.]